McINNIS, Judge ad hoc.
Plaintiff sues the defendants, Manuel McGee, Sidney McGee and Lizzie McGee Mitchell, for slander of his title to Northeast Quarter of Northeast Quarter, Section 10, Township 20 North, Range 1 East, Union Parish, Louisiana, and prays for judgment recognizing and maintaining him in his right to possession of said property as owner, and ordering the cancellation of an affidavit or notice filed by defendants, recorded in conveyance records of Union Parish, Volume 150, page 198, or condemning defendants to file suit within the delay fixed by the court, to assert any claim they may have to the title to said land, and for other relief not necessary to set forth here.
As basis for the suit plaintiff alleges that he is in possession as owner of the land above described, and for the purpose of showing the nature and extent of his possession, he sets up the deeds, under which he >claims, as follows : -
“By deed dated August 23, 1946, the said Norman M. McGee deeded and sold said property to Shelby Findley, as per deed recorded in Deed Book 126 at page 8 of the Union Parish records.
“By a purported deed, which deed was not actually signed by Shelby Findley the record title to said property shows conveyance of said property back to Norman M. McGee; said deed being dated October 17, 1946, and being recorded in Deed Book 126 page 585 of the Union Parish records.
“By deed dated March 12, 1947, Norman M. McGee again deeded and sold said property back to Shelby Findley, as will appear by reference to said deed which is duly recorded in Deed Book 128 at page 412 of the Unión Parish records.
“By deed dated November 6, 1950, Shelby Findley deeded and sold said property to petitioner, Austin A. Andrews, as will appear by reference to deed recorded in Deed Book 159 at page -, Instrument No. 087862, of the records of Union Parish, Louisiana.”
The affidavit sought to be cancelled is signed by Manuel McGee and Lizzie McGee Mitchell, claiming that they, with Sidney McGee, are the heirs of Norman McGee and that the deeds alleged on by plaintiff are null and void for the reason that N. M. McGee, grantor of Norris Finley and Shelby Finley, was, prior to and at the time of execution of the deeds, to the knowledge of the Finleys, notoriously insane and unable to manage his affairs, and that no consideration was ever paid at any time for the land, and these affiants declared that they expected to file suit to have themselves and Sidney McGee recognized as sole owners of the property.
*562 All the defendants are residents of the state of Arkansas, and were cited through a curator ad hoc, Armand F. Rabun, Attorney. The curator filed exceptions on behalf of all three defendants, all of which were referred to the merits. These exceptions were levelled at the demand for damages and attorney’s fees for the slander, and as these demands were not allowed, no discussion of these exceptions is necessary.
One of the defendants, Manuel McGee, employed counsel and answered, denying the substantial allegations of the petition, and making the same claims set forth in the affidavit sought to be cancelled.
The answer of the curator for Sidney McGee and Lizzie McGee Mitchell is in the nature of a general denial.
Plaintiff then filed a motion for judgment on the pleadings, and this motion was sustained and a judgment was signed April 16, 1951, recognizing and maintaining plaintiff in possession of the land, and ordering cancellation of the affidavit, and condemning defendants to file such action as they might desire to claim title to the property within sixty days “from this date,” or that they be forever thereafter barred from asserting any title or claim to the property.
On April 19, 1951, .a motion for a new trial was filed. This motion was overruled September 17, 1951, and appeal taken on the same day by Manuel McGee and Lizzie McGee Mitchell, returnable to this court. It appears that Sidney McGee is of unsound mind, and the curator for him did not appeal.
On June 18, 1951, two of the defendants, Manuel McGee and Lizzie McGee Mitchell filed suit to have decreed null and void the deeds set forth by plaintiff in this suit, for the reasons set forth in the affidavit sought to be cancelled, and for other reasons which are set forth in the opinion in that cause, McGee v. Finley, La.App., 59 So.2d 242.
It is apparent that defendants-appellants named have acquiesced in the judgment of the district court by filing suit, as ordered by the judgment, to assert their rights to title to the property.
For this reason, the appeal in this case is dismissed at the cost of appellants in both courts.
KENNON, J., not participating.