McINNIS, Judge ad hoc.
This action has for its object a pronouncement of the nullity of a conveyance from Norman McGee to Shelby Finley and a conveyance from Finley to Austin A. Andrews for reasons hereafter set forth.
Plaintiffs allege that they are a brother and sister of Norman McGee; that Norman McGee was married only once, to Mary McGee; that Mary McGee died in the summer of 1946, leaving no ascendants or descendants, and that Norman McGee inherited her community interest in the Northeast Quarter of Northeast Quarter, Section 10, Township 20 North, Range 1 East, Union Parish, Louisiana; that on *244 March 12, 1947, Norman McGee was induced by artifice, fraud and error to execute a deed, recorded in Volume 128, page 412, records of Union Parish, in favor of Shelby Finley, a relative and neighbor of Norman McGee, who was then a resident of Union Parish, but who died in December, 1948.
Plaintiffs further allege that on November 6, 1950, Shelby Finley conveyed the above described land to Austin A. Andrews, then and now a resident of Union Parish, by deed recorded in Volume 159, page-, records of Union Parish, and that neither Andrews nor plaintiffs are in possession of the land.
It is further alleged that, although in both deeds a cash consideration is recited, no consideration whatever was paid, and the deeds are null and void, for the following reasons:
“The succession of N. M. McGee had never been opened, and they have been informed there were debts at the time of his death.
“That he was an aged, demented, of unsound mind and an uneducated negro of 80 years of age and that he was mentally incompetent and incapable of understanding the nature of a deed and a transfer of title, and would never have known what his rights of usufruct were.
“That Shelby Finley knew of his condition and used artifice, fraud and trickery to induce him to sign said deed.
“That he got no cash whatsoever.
“That Austin A. Andrews paid no cash for said deed, and well knew the condition of Norman McGee, whose ignorance and unsoundness of 'mind was known by white and colored citizens within a radius of ten miles for more than two years.”
Plaintiffs allege that they are heirs of Norman McGee, and should be declared the owners of one-third interest each in the land.' From the pleadings in cases 7772, Andrews v. McGee, 58 So.2d 561, and 7773, Andrews v. McGee, 58 So.2d 562, on the docket of this court it appears that there is another brother named Sidney McGee, alleged to be insane.
The prayer of the petition is that the deeds under attack be decreed null and void and plaintiffs be decreed the owners of one-third interest each, with other heirs of Norman McGee; that their right to claims for trespass and wrongful use of the property be reserved to them, and for general relief.
Defendants filed a plea of estoppel and exception of no cause and no right of action. The plea of estoppel and the exception of no right and no cause of action were submitted on briefs on June 21, 1951. On September 4, 1951, the exception of no cause or right of action was sustained. On September 7, 1951, a motion for rehearing was filed and on trial of the motion plaintiffs offered and filed in evidence the entire records in the two suits, Andrews v. McGee, Nos. 12954 and 12983 on the civil docket of Union Parish (Nos. 7772 and 7773 here) without objection. The motion for a rehearing was overruled and judgment was signed the same day, September 7, 1951.
From this judgment, plaintiffs prosecute, this appeal.
The plea of estoppel was not directly passed on by the District Court, but we understand from the brief of defendants that the Court considered it in connection with the exception of no right of action, which exception was sustained because plaintiffs did not file this suit within sixty days from April 16, 1951, but inasmuch as a motion for rehearing was timely filed, and not passed on until September 17, 1951, at which time it was overruled, we are of the opinion that the sixty days time for filing this suit did not begin to run until September 17, 1951, and that therefore the suit was timely filed. In our opinion the exception of no right of action should have been overruled.
 The exception of no cause of action was of course sustained on the theory that the allegations of the petition, if taken as true, do not state a cause of action. So far as the petition itself goes, the only allegation that could affect the defendant *245 Andrews is that he knew of the unsoundness of mind and advanced age of Norman McGee at the time he executed the deed to Finley, and we do not believe that this alone is ground for setting aside the deed. It is true that plaintiffs have alleged that no consideration was paid to McGee for the deed, and that no consideration was paid to Finley by Andrews for the conveyance to Andrews, but we have searched the pleadings in all four of these cases in vain for an allegation that Andrews knew that Finley had paid nothing for the conveyance to him from McGee. It would be necessary to allege and prove that Andrews had this knowledge before the deeds could be set aside. Jefferson v. Childers, 189 La. 46, 179 So. 30.
The only thing that can save plaintiffs from having their suit dismissed for failing to state a cause of action is the fact that on the trial of the two slander of title suits, consolidated for the purpose of trial, plaintiff Andrews offered without restriction, the affidavit made, filed and recorded March 17, 1949 by Manuel McGee and Lizzie McGee Mitchell, in which it is set forth that no consideration whatsoever was paid by Shelby Finley for the property. On the trial of the motion for rehearing in this case the entire records in the two slander of title suits were filed in evidence without objection, and insofar as these records so offered were not admissible under the pleadings, the pleadings were amended, supplemented and corrected. Hope v. Madison, 192 La. 593, 188 So. 711, and authorities cited.
The affidavit above referred to was filed on March 17, 1949, and the deed from Shelby Finley to Andrews is dated November 6, 1950, more than a year after the affidavit was recorded, so that he, Andrews, had constructive notice that these plaintiffs were contending that no consideration was paid by Finley for the conveyance of the land.
Andrews contends that he had a right to rely on the public records, and this is true, but he should rely on all of the records, not just those favorable to his contentions. We believe he was put on sufficient notice by this affidavit that he should have made some investigation as to the truth of the charges made before dealing with the property. It may well be that he did this, and can prove it on a trial of the case.
We are of the opinion that this case should be remanded to the District Court to allow plaintiffs an opportunity to amend the pleadings if desired and have a trial of the suit on the merits.
For these reasons, the judgment of the District Court sustaining the exception of no cause and no right of action is reversed and the case is remanded, with leave to amend, for further proceedings according to law and the views herein expressed. Defendants-appellees to pay the costs of this appeal. All other costs to await the final determination of this suit.
KENNON, J., not participating.